**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 20, 2022**

# In the Court of Appeals of Georgia

A22A0210. IN RE THE ESTATE OF BRENDA ELIZABETH STROTHER (WARD).

PINSON, Judge.

On June 22, 2021, Brenda Elizabeth Strother was admitted to the hospital after suffering a severe stroke. Brenda's daughters, Candra Strother and Nicole Strother, filed a petition in the probate court seeking a 60-day emergency guardianship and emergency conservatorship allowing them to make healthcare and financial decisions for their mother. The petition noted that Linda Roberson and Jeanine Lewis, two members of Brenda's Jehovah's Witness church, were attempting to act as her healthcare agents under an advance directive that Brenda had executed in 2020. Her daughters noted in their petition that although Brenda "may be affiliated with [Roberson and Lewis] through a sect of the Jehovah Witnesses," she had "not been

to church in 2 years and no one in the immediate family has ever met" them. The daughters were concerned that Roberson and Lewis were "refusing to authorize the emergency medical/care treatment . . . necessary to keep [Brenda] alive."

On July 6, 2021, the probate court entered a notice for a hearing scheduled for July 9, 2021, and attached a certificate of service stating that Roberson and Lewis were served via their postal addresses. After the hearing, which Roberson and Lewis did not attend, the court granted the petition for a 60-day emergency guardianship and conservatorship. The court's order also stated that the 2020 advance directive "is hereby revoked, pursuant to OCGA § 31-32-6 (a) (4)." The court noted that Brenda's attending physician testified that Brenda's medical records, signed by her treating physician, reflected that Brenda had reported that her sister and daughter were her primary and backup healthcare agents, that she wanted to "update" her healthcare advance directive to name her daughter Candra as secondary instead of Nicole, and that she wanted "FULL interventions to extend life."

A week later, Roberson and Lewis moved for reconsideration from the trial court's order and filed several affidavits. Their motion raised several constitutional arguments and also argued that they did not receive notice of the scheduled hearing until it had already taken place and that the trial court erred by ruling before it could

2

consider evidence presented in their affidavits. But before the probate court could rule on the motion for reconsideration, Roberson and Lewis appealed.

That appeal is not properly before this Court. Code section 15-9-123 (a) provides that "[e]ither party to a civil case in the probate court shall have the right of appeal to the . . . Court of Appeals from any decision made by the probate court, *except an order . . . appointing an emergency guardian or emergency conservator*, as provided by Chapter 6 or Title 5." (Emphasis added). The order below is just such an order, and so it is not appealable.

Roberson and Lewis note that they "do not appeal the appointment of an emergency guardian and conservator," but only the "ruling" in the order stating that the 2020 advance directive is "hereby revoked." But the fact remains that the petitioners sought only the appointment of an emergency guardian and conservator, and the only order before us is an order "appointing . . . an emergency guardian [and] emergency conservator," which OCGA § 15-9-123 (a) makes clear cannot be appealed. Further, although the language of the probate court's order could be read to suggest that *the court* "revoke[d]" the 2020 advance directive, the advance directive statute (which the court cited) provides only "methods" by which advance directives "may be revoked . . . *by the declarant.*" OCGA § 31-32-6 (a). In other

3

words, this line in the probate court's order is better construed not as a separate "ruling" revoking the advance directive (which the statute does not grant courts the power to do), but rather as a recognition that the declarant, Brenda Strother, revoked the 2020 advance directive by the method specified in subsection (a) (4) of the advance directive statute. See OCGA § 31-32-6 (a) (4) (emphasis added) (authorizing revocation of an advance directive "[b]y an oral or any other clear expression of the intent to revoke the advance directive for health care in the presence of a witness 18 years of age or older who, within 30 days of the expression of such intent, signs and dates a writing confirming that such expression of intent was made").

Based on the above, this appeal is dismissed. We note that if a live controversy still exists as to the 2020 advance directive, Roberson and Lewis's motion for reconsideration is still pending before the probate court, and this opinion does not foreclose seeking other appropriate clarification or relief with respect to the advance directive in any court.

*Appeal dismissed. McFadden, P. J., and Gobeil, J., concur*.

4